785 F.2d 310
 121 L.R.R.M. (BNA) 3552
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES TIERNEY; PATSY R. WALLIANT; ULYSSES HOWARD; WILLIAM C.
PARTON; JOHN H. COUSINO; JAMES E. JORDAN, SR.; ROBERT
SPENCER; EDWIN SOMMERS; WILLIAM THOMPSON; ROBERT F. MITRO;
MELVIN LYKOWSKI; JOSEPH P. MARTIN; DALE HOMER; DALE SIEFKE;
JAMES R. PORTER, SR.; PATRICK ALLEN, Plaintiffs-Appellants,
v.
CITY OF TOLEDO; DOUG DeGOOD, GENE COOK, BILL COPELAND, ALICE
A. LYCZKOWSKI, RAY NIES, DONNA OWENS, LEO PUCETTI, MAX
REDDISH, PETER UJVAGI, LARRY BREWER, DAVID BOSTON, WILLIAM
A. DUNN, individually and in their official capacities;
TOLEDO POLICE PATROLMAN'S ASSOCIATION, LOCAL 10, Defendants-Appellees.
 85-3016, 85-3290
 United States Court of Appeals, Sixth Circuit.
 1/14/86
 
 Before: ENGEL and MILBURN, Circuit Judges; and WOODS, District Judge.*
 PER CURIAM.
 
 
 1
 Appellants, who are present and former police officers and patrolmen employed by the City of Toledo, appeal the judgment entered in the United States District Court for the Northern District of Ohio granting summary judgment against them on their claim brought pursuant to 42 U.S.C. Sec. 1983. The complaint alleged that a Toledo ordinance passed in 1983 authorizing the police patrolman's union to operate as an agency shop deprives them of freedom of speech, freedom of association and due process of law.
 
 
 2
 The ordinance at issue, Toledo Municipal Code Sec. 2129.97 (1983), requires all patrolmen who are not members of the Toledo Police Patrolman's Association (TPPA) to pay a service fee to the TPPA. The plaintiffs in the case are not TPPA members. Plaintiffs filed a motion for a preliminary injunction along with their complaint seeking a declaration that Sec. 2129.97 violates the First and Fourteenth Amendments, and also seeking to enjoin defendants from enforcing it. Plaintiffs alleged that the ordinance requires each police patrolman to pay fees to the TPPA whether or not the individual chooses to join or become associated with it, and that this requirement operates to '. . . coerce monetary and other support for ideological causes to which plaintiffs are opposed . . .. These acts also restrain and abridge plaintiffs' ability to support their own views and causes.' Complaint, at 4.
 
 
 3
 All parties consented to referring this case to a United States magistrate for the purpose of conducting all proceedings and entering judgment pursuant to 28 U.S.C. Sec. 626. On August 2, 1984, Magistrate James G. Carr issued a Memorandum and Order denying plaintiffs' motion for preliminary injunction. Subsequently, the TPPA filed suit in Toledo Municipal Court for collection of the agency fees. Plaintiffs in this case then filed a motion in the district court to enjoin the TPPA from pursuing its state claim until all pending matters in the federal litigation were resolved. On December 11, 1984, Magistrate Carr denied this second motion for injunctive relief. Plaintiffs have appealed the denial of their second motion for preliminary injunction, which appeal has been docketed as No. 85-3016.
 
 
 4
 While that appeal was pending, Magistrate Carr considered the merits of plaintiffs' claims and on March 26, 1985, he granted defendants' motion for summary judgment and dismissed the case. Plaintiffs also appeal the entry of judgment against them, which appeal has been docketed as No. 85-3290. Both appeals in this case have been consolidated for purposes of review by this court.
 
 
 5
 On appeal, the appellants raise several issues. Essential to each, though, is whether the district court was correct in ruling that Sec. 2129.97 of Toledo's Municipal Code is constitutionally valid under Ellis v. Brotherhood of Railway Clerks, ---- U.S. ----, 104 S. Ct. 1883 (1984), Abood v. Detroit Bd. of Education, 431 U.S. 209 (1977), and International Ass'n of Machinists v. Street, 367 U.S. 740 (1961).
 
 
 6
 Upon a review of the challenged Toledo city ordinance and of the agency shop rebate procedure addressed by the TPPA, Local 10, we are of the opinion that in the main they comport with the initial procedures which have been held to satisfy due process in the reported decisions as above cited. In so holding, we recognize that the plaintiffs have not as yet been permitted any extensive discovery which might ultimately bear upon whether the ordinance and plan will pass constitutional muster when they are in fact applied for those procedures are as yet untested and, though appearing fair, have not been adequately invoked. While there is a potential conflict in some of the language of section 2129.97(b) of the ordinance and the procedures spelled out in the agency shop rebate procedure,[1] it is sufficient at this time for the court to note the union's recognition that those procedures and the procedures for the performing of the duties of the fee umpire and arbitrator are to be guided and controlled by the decisions of the United States Supreme Court in Abood v. Detroit Board of Education, supra, and other Supreme Court authority building upon those issues. Therefore, any conflicts which might otherwise cause us concern can be resolved by reference to those decisions and a careful observance by all parties of the particulars of the plan as interpreted in the light of those decisions.
 
 
 7
 We do not perceive that due process requires us to anticipate issues which have not yet arisen or become ripe for decision and, of course, plaintiffs are not foreclosed from further postjudgment proceedings in the district court, should such problems arise. We particularly note that neither the district court's acceptance of the plan, or the affirmance of it, nor any decision by the arbitrator or impartial umpire has precluded plaintiffs from challenging the propriety of the determination of such arbitrator or umpire as to its constitutional sufficiency. It is the sense of the reported case law in this area that the plan should be given a fair opportunity to operate according to its terms before further complaint may properly be made of it.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The Honorable George E. Woods, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 For instance, these two documents define the amount of rebatable funds differently. Section 2129.97(b) states that the TPPA must establish a procedure through which non-members, such as the plaintiffs here, shall recover 'any portion of the annual fee which is expended for activities or causes of a political nature or involving controversial issues of a public importance only incidentally related to wages, hours and conditions of employment.' The rebate procedure implemented pursuant to the ordinance states in the second of three paragraphs that the impartial umpire shall determine the amount to be refunded at the end of the first year, and rebate that amount from the escrowed funds. This percentage is defined in the separate rebate procedure document as 'that amount of fees used [by the MPPA] to support partisan politics or ideological causes not germain [sic] to the work or policy of the [TPPA] in the realm of collective bargaining.'
 The definition of the amount of rebatable funds, the so-called Abood amount, as set forth in the ordinance and the rebate plan are not congruent. In all events, however, the constitutionally required amount is that defined by the Supreme Court:
 [T]he test must be whether the challenged expenditures are necessarily or reasonably incurred for the purpose of performing the duties of an exclusive representative of the employees in dealing with the employer on labor-management issues. Under this standard, objecting employees may be compelled to pay their fair share of not only the direct costs of negotiating and administering a collective-bargaining contract and of settling grievances and disputes, but also the expenses of activities or undertakings normally or reasonably employed to implement or effectuate the duties of the union as exclusive representative of the employees in the bargaining unit.
 Ellis, supra, 104 S.Ct. at 1892.